O

# United States District Court
# Central District of California

| | |
|---|---|
| TEXKHan, INC., <br><br> Plaintiff, <br><br> v. <br><br> I JOAH et al., <br><br> Defendants. | Case No. 2:18-cv-09313-ODW (MRWx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS I JOAH [18] AND Q FASHION, INC. [20]** |

## I. INTRODUCTION

Presently before the Court are Plaintiff Texkhan, Inc.'s ("Texkhan") Motions for Default Judgment against Defendants I Joah and Q Fashion, Inc. ("Defendants"). (Mot. for Default J. 1, ECF No. 18 (I Joah); Mot. for Default J. 1, ECF No. 20 (Q Fashion, Inc.) ("Mots.")) For the following reasons, the Court **GRANTS** Texkhan's Motions for Default Judgment, and **AWARDS** Texkhan $10,000.00 in statutory damages, $1,200.00 in attorney's fees, and $516.94 in litigation costs against Defendants.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

**A.  Factual Background**

Texkhan is a Los Angeles-based corporation that purchases and maintains a library of exclusive two-dimensional artwork. (Decl. of Miena Lee in Supp. of Mots. ("Lee Decl.") ¶ 3, ECF Nos. 18-1, 20-1.) Texkhan asserts that its business' competitive advantage relies heavily on the exclusivity of its copyrighted designs, and that its business is "seriously undercut" when others infringe its exclusive designs. (Mots. 1–2.) One such copyrighted design is "HA-1465" ("Subject Design"), which Texkhan samples and sells to parties in the fashion industry. (Mots. 2, 7; Compl. ¶¶ 9–11.)

Texkhan discovered that Defendants, Los Angeles-based apparel companies, impermissibly manufactured and sold garments ("Alleged Product") bearing a design substantially similar to Texkhan's registered Subject Design. (Compl. ¶¶ 5–6, 12; Mots. 1, 7.) Texkhan further alleges that the Alleged Product were sold by Q Fashion and bore the "iJOAH" label, identifying I Joah as the manufacturer and supplier of the Alleged Product. (Compl. ¶ 12.) Texkhan concedes that it is unsure as to how many garments Defendants manufactured or sold bearing the Subject Design (Mots. 2), yet, Texkhan asserts that Defendants willfully infringed Texkhan's copyrighted design (Compl. ¶ 14).

In its Motions, Texkhan stresses that discovery is essential to uncovering and determining the scope of Defendants' infringement. (Mots. 1–2, 9–10, 13.) Through discovery, Texkhan intended to determine Defendants' access source to the Subject Design, how many infringing garments Defendants produced and sold, the channels Defendants used to distribute the Alleged Product, and other networks of infringement. (Mots. 2.) Without an answer from Defendants, Texkhan's ability to

take "reasonable steps" to prevent future copyright infringement is hindered. (Mots. 2.)

**B.   Procedural Background**

Texkhan filed its Complaint on October 30, 2018, alleging textile design copyright infringement against Defendants. (Compl.) Texkhan served Defendants with the Summons and Complaint on November 7 and 19, 2018, pursuant to Federal Rule of Civil Procedure ("FRCP") 4(e). (ECF Nos. 10–11.) Defendants did not answer the Complaint, and, on December 14, 2018 Texkhan filed Requests to Enter Default against Defendants. (ECF Nos. 13–14.) The Clerk entered default against Defendants on December 14, 2018. (ECF No. 15.) Texkhan now requests that this Court find that Defendants are willful infringers, enter a default judgment in the amount of $30,000 against both Defendants, and award attorney's fees and costs. (Mots. 7.)

## III.   LEGAL STANDARD

Pursuant to FRCP 55(b), a Court may grant default judgment after the Clerk enters default under Rule 55(a). *See PepsiCo Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing

*Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). If the allegations sufficiently establish liability, the court must then determine the amount and character of the relief that should be awarded. *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005).

## IV. DISCUSSION

### A. Procedural Requirements

Before a court can enter default judgment, the requesting party must satisfy the procedural requirements set forth in FRCP 55 and the Local Rules of this district. *PepsiCo*, 238 F. Supp. 2d at 1174. Central District of California Local Rule 55-1 requires the movant to submit a declaration establishing: (1) when and against whom the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, an incompetent person, or exempt under the Servicemembers' Civil Relief Act; and (4) that the defaulting party was served with notice, if required by FRCP 55(b)(2). *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

In accordance with FRCP 55 and Local Rule 55-1, Texkhan's attorney identified the Complaint and established that the Clerk of the Court entered default against Defendants. (Decl. of Justin M. Gomes in Support of Mots. ("Gomes Decl.") ¶¶ 1–3, ECF Nos. 18, 20.) Additionally, Defendants are neither minors nor incompetent persons, nor exempted under the Servicemember's Civil Relief Act. (Gomes Decl. ¶ 4.) Lastly, Defendants were served with notice of the amount requested and application of default judgement. (ECF Nos. 19, 21.) Accordingly, the Court finds that Texkhan complied with all procedural requirements.

### B. The *Eitel* Factors Weigh in Favor of Granting Default Judgment

The Court also finds that the *Eitel* factors favor default judgment. The Court discusses each factor in turn.

#### 1. Texkhan Will Suffer Prejudice if Default is Not Entered

The first *Eitel* factor considers whether Texkhan will suffer prejudice if default

judgment is not entered. *PepsiCo*, 238 F. Supp. 2d at 1177. When a defendant fails to appear and defend its claims, the plaintiff is without recourse and suffers prejudice unless default judgment is entered. *Id*. Here, Defendants failed to appear to contest Texkhan's allegations. Absent default judgment, Texkhan is left without recourse for the damages it incurred as a result of Defendants' conduct, and is thereby prejudiced. Accordingly, the first *Eitel* factor weighs in favor of granting default judgment.

### 2. Texkhan's Claim is Meritorious and Sufficiently Pleaded

The second and third *Eitel* factors address the merits and sufficiency of plaintiff's claims pleaded in the complaint. *Eitel*, 782 F.2d at 1471–72. To establish copyright infringement, Texkhan must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Here, Texkhan presented a Certificate of Registration from the United States Copyright Office for its Subject Design. (Mots., Ex. 1, ECF Nos. 18-2, 20-2.) A Certificate of Registration constitutes prima facie evidence of copyright ownership. *See Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003). Accordingly, Texkhan has demonstrated copyright ownership of its Subject Design.

Second, through circumstantial evidence, Texkhan has shown that: (1) Defendants had access to the Subject Design when Texkhan's distributed its design samples to potential customers prior to the creation of the Alleged Product; (2) substantial similarity exists between the Subject Design and the Alleged Product; and (3) I Joah is the manufacturer and Q Fashions is the seller of the Alleged Product. (Compl. ¶¶ 11–13, 16); *see Unicolors, Inc. v. Urban Outfitters*, 853 F.3d 980, 984–85 (9th Cir. 2017) (noting that a plaintiff may prove the element of "copying" through circumstantial evidence). Accordingly, Texkhan has satisfied the second element of

copying and the Court finds that the well-pleaded allegations in the Complaint state a claim against Defendants for copyright infringement.

Therefore, the second and third *Eitel* factors weigh in favor of granting default judgment.

### 3. The Sum of Money at Stake Weighs in Favor of Default Judgment

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Stated otherwise, the Court is required to assess whether the recovery sought is proportional to the harm caused by Defendants' conduct. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Here, although Texkhan seeks $30,000 in statutory damages against both Defendants, the Court awards it $10,000 against both Defendants. For reasons provided below, the Court finds this amount proportional to the harm caused. Accordingly, the fourth *Eitel* factor favors entry of default judgement.

### 4. There is No Possibility of Disputed Fact

The fifth *Eitel* factor examines whether material facts are disputed. *Eitel*, 782 F.2d at 1471–72. Upon default, all well-pleaded facts in the complaint are taken as true except those relating to damages. *Televideo Sys*, 826 F.2d at 917–18. Here, Defendants defaulted. Accordingly, Texkhan's facts supporting its claims are undisputed and the fifth *Eitel* factor favors entry of default judgment.

### 5. Defendants' Default is Not Due to Excusable Neglect

The sixth *Eitel* factor considers whether Defendants' default was due to excusable neglect. *Eitel*, 782 F.2d at 1471–72. Here, Plaintiff properly served Defendants according to FRCP 4(e) on November 7, 2018, and Plaintiff filed the Proof of Service with the Court. (ECF Nos. 10–11.) Accordingly, the possibility of excusable neglect is remote and the sixth *Eitel* factor favors entry of default judgment.

### 6. Policy for Decision on the Merits Does Not Preclude Default Judgment

Finally, the seventh *Eitel* factor reflects the policy that "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "a decision on the merits [is] impractical, if not impossible" when a defendant fails to answer the plaintiff's complaint. *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. Here, because Defendants failed to answer the Complaint, a decision on the merits is not possible. Accordingly, the seventh *Eitel* factor favors entry of default judgment.

Since the *Eitel* factors weigh in favor of granting default judgment, Texkhan is entitled to Default Judgment against Defendants.

## C. Relief Sought

Having determined that Texkhan is entitled to Default Judgment, the Court turns to Texkhan's measure of relief.

### 1. Statutory Damages

Statutory damages range from $750 to $30,000 per work infringed. 17 U.S.C. § 504(c)(1). A single statutory award is available for each copyrighted work that has been infringed. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946–47 (9th Cir. 2011) (quoting 18 C.J.S. *Copyright* § 127 (2011)) ("Only a single award of statutory damages within the statutory limits may be made for all infringements involved in the action with respect to any one work, except where multiple defendants are not jointly liable."). If the copyright holder proves that the infringement was "willful," the Court may, in its discretion, increase statutory damages up to $150,000 per work. 17 U.S.C. § 504(c)(2). Conversely, if an infringer is innocent, the Court may decrease statutory damages to $200 per work. *Id*. The infringer bears the burden of proving innocent infringement. *Id.*

Since Defendants have not appeared to argue innocent infringement, the Court can award no less than $750.00 in statutory damages. *See* 17 U.S.C. § 504(c)(1). Given the undisputed nature of the claim, and Texkhan's inability to address the full

scope of Defendants' culpability, the Court is willing to award Texkhan more than the minimum statutory damages imposed on non-innocent infringers. However, viewing the record as a whole, the Court is unwilling to grant Texkhan's request for $30,000 in statutory damages. *See Neman Bros. & Assoc., Inc. v. Zulily, LLC*, No. CV 17-4465-DMG (AGRx), 2018 WL 6321655, at *2 (C.D. Cal. May 10, 2018) (awarding only $10,000 in statutory damages for textile design infringement because plaintiff failed to substantiate with evidence its lost revenue).

The Court's decision is based on the most natural reading of the record. Texkhan owns and controls a set library of exclusive copyright artwork. (Mots. 2.) Texkhan sent the Subject Design to various individuals within the fashion and apparel industries. (Mots. 2.) One of these samples bearing the Subject Design was accessed by Defendants, who impermissibly manufactured, distributed, and sold the Alleged Product. (Mots. 2.) Consequently, Texkhan asserts that Defendants are willful infringers of the Subject Design. (Mots. 6.) However, Texkhan neither substantiated, with evidence, its lost revenue; nor offered any further explanation for seeking $30,000, against both Defendants, beyond the fact that the amount is within statutorily prescribed minimum and maximum damages. *See Zulily, LLC*, 2018 WL 6321655, at *2. Furthermore, Texkhan has not presented any evidence to substantiate that Defendants were individually liable, rather than joint and severally liable. Thus, the Court reduces the award to $10,000.00.

For the aforementioned reasons, the Court concludes that Defendants are jointly and severally liable for copyright infringement, rather than individually liable. *See Louis Vuitton Malletier, S.A.*, 658 F.3d at 946–47 ("[A]ny two or more infringers are liable jointly and severally."). Consequently, Texkhan is entitled to only a single award of statutory damages. *LHF Prods. Inc. v. Doe 1*, 736 F. App'x 688, 691 (9th Cir. 2018) (upholding a single award of statutory damages for copyright infringement because the allegations in the complaint established that defendants were jointly and severally liable.)

Accordingly, the Court **AWARDS** Texkhan: (1) $10,000.00 in statutory damages against Defendants.

### 2. Costs and Attorney's Fees

Texkhan requests the Court award $459.29 in costs and $2,400.00 in attorneys' fees associated with its initial Motion against I Joah. (Gomes Decl. ¶¶ 5–6, ECF No. 18.) And an additional award of $459.29 in costs and $2,400.00 in attorneys' fees associated with its subsequent Motion against Q Fashion. (Gomes Decl. ¶¶ 5–6, ECF No. 20.) The Central District Local Rules provide a schedule for attorney's fees awarded in default judgments. L.R. 55-3.

Texkhan calculated its fee request according to the fee schedule, assuming $30,000 in statutory damages. However, since the Court awards a single statutory damage of $10,000 against Defendants, Texkhan's awarded attorney fees must be reduced accordingly. The Central District Local Rules schedule provides that for a default judgment award of $10,000.00, Texkhan is entitled to $300.00 plus 10% of the amount over $1,000.00 of the awarded sum (or $900.00). *Id*. Therefore, the Court **AWARDS** Texkhan $1,200.00 ($300.00 + $900.00) in attorneys' fees against Defendants.

Texkhan further seeks to recover $459.29 in litigation costs against Defendant I Joah, and $457.65 in litigation costs against Defendant Q Fashion. These litigation costs include the $400 filing fee, the $59.29 expended in serving the Complaint on I Joah, and $57.65 expended in serving the Complaint on Q Fashion. (Gomes Decl. ¶¶ 5–6.) Since Plaintiff incurred a single filing fee, the court will only grant $400.00 in filing fees but grants each of the serving costs. *See* L.R 54-3.1, 54-3.2.

Therefore, the Court **AWARDS** Texkhan $516.94 in litigation costs against Defendants.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Texkhan's Motions for Entry of Default Judgment (ECF Nos. 18, 20.) and **AWARDS** Texkhan $11,716.94 against Defendants.

**IT IS SO ORDERED.**

August 22, 2019

---
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**